Opinion concurring in the result by
RECKTENWALD, C.J.,
with whom NAKAYAMA, J., joins.
Respectfully, I concur only in the Majority’s result affirming the Intermediate Court of Appeals’ (ICA) October 2, 2014 Judgment on Appeal entered pursuant to its August 28, 2014 Summary Disposition Order (SDO). The Labor and Industrial Relations Appeals Board (LIRAB) lacked jurisdiction over Wal-trip’s Motion to Vacate, and accordingly, this case should be remanded to LIRAB for entry of an order dismissing the motion. I write separately for two reasons: (1) the Majority should not affirm or otherwise rule on the ICA’s May 31, 2012 Partial Dismissal Order, and (2) the ICA did not err in construing Waltrip’s Motion to Vacate as a second motion for reconsideration.
First, I do not believe that this court has jurisdiction to review the May 31, 2012 Partial Dismissal Order, in which the ICA dis *242 posed of Waltrip’s appeals of LIRAB’s July 25, 2011 Decision and Order and of LIRAB’s August 29, 2011 Order. Hawaii Revised Statutes (HRS) § 602-59(c) (Supp.2011) plainly states, “An application for a writ of certiorari may be filed with the supreme court no later than thirty days after the filing of the judgment or dismissal order of the intermediate appellate court.” (Emphasis added). See also Hawaii Rules of Appellate Procedure Rule 40.1(a). Waltrip filed her application more than thirty days after May 31, 2012, so her application was untimely. Consequently, this court lacks appellate jurisdiction with respect to the Partial Dismissal Order. See HRS § 602-5(a)(l) (Supp. 2004) (stating that the supreme court has jurisdiction over issues “properly brought before it by application for a wilt of certiora-ri”).
Moreover, I would not address the Partial Dismissal Order because, as the Majority acknowledges, Waltrip’s “only self-evident challenge” on certiorari is to the ICA’s August 28, 2014 SDO, not the Partial Dismissal Order. We need not and should not rule on an issue that was not raised or disputed by the parties. See Alvarez Family Tr. v. Ass’n of Apartment Owners of Kaanapali Alii, 121 Hawai'i 474, 488, 221 P.3d 452, 466 (2009).
Second, I do not agree with the Majority that the ICA erred in construing Waltrip’s Motion to Vacate as a second motion for reconsideration, since her Motion for Reconsideration and Motion to Vacate were substantially the same. Both were addressed to LIRAB, sought review of LIRAB’s July 25, 2011 Decision and Order, and argued that Waltrip’s medical disabilities prevented her from adequately representing herself at the proceedings.
I agree that pleadings prepared by pro se litigants should be interpreted liberally, consistent with Hawaii’s commitment to access to justice. However, the ICA was not required to construe the Motion to Vacate as a motion to the Director to reopen her case pursuant to HRS § 386-89, when nowhere in her Motion to Vacate or her briefings did she reference the Director or HRS § 386-89. Further, nothing in the ICA’s SDO unfairly prejudiced Waltrip as a pro se litigant, as she retains the right to file a motion to reopen with the Director “at any time prior to eight years after date of the last payment of com-pensationt.]” HRS § 386-89(c)(1993) (“On the application of any party in interest, supported by a showing of substantial evidence, on the ground of a change in or of a mistake in a determination of fact related to the physical condition of the injured employee, the director may ... review a compensation ease[.]”).
For these reasons, I would affirm the ICA’s Judgment on Appeal entered pursuant to its SDO as it stands—construing Waltrip’s Motion to Vacate as a second motion for reconsideration and concluding that LIRAB lacked jurisdiction—and not reach the other issues discussed by the Majority.